IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT THE DEFENDANT FROM DEFINING OR ATTEMPTING TO DEFINE REASONABLE DOUBT, AND ARGUING, ATTEMPTING TO ARGUE, OR SUGGESTING THE POSSIBILITY OF JURY NULLIFICATION**

Comes now the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Angela Scott and Amanda Fischer, Assistant United States Attorneys, and, in support of its Motion in Limine to Prohibit the Defendant from Defining or Attempting to Define Reasonable Doubt, and Arguing, Attempting to Argue, or Suggesting the Possibility of Jury Nullification, states as follows:

A. <u>Reasonable Doubt.</u>

Initially, the Government respectfully requests that this Honorable Court preclude the defendant from defining or attempting to define reasonable doubt to the jury. Seventh Circuit Pattern Jury Instruction No. 1.04 does not provide a definition for reasonable doubt, noting "[t]he Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define "reasonable doubt" for the jury. For example, in *United States v. Alex Janows & Co.*, 2 F.3d 716, 723 (7th Cir. 1993),

1

the Seventh Circuit stated "we admonish counsel, do not define "reasonable doubt" to a jury." *See also United States v. Bruce*, 109 F.3d 323, 329 (7th Cir. 1997) ("It is well established in this Circuit, however, that neither trial courts nor counsel should attempt to define 'reasonable doubt' for the jury."). While acknowledging that "[t]rial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,'" it held that *"they [trial counsel] may not attempt to define 'reasonable doubt.'" United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (emphasis in original).

In support of its holding that counsel should not be allowed to define reasonable doubt to the jury, the Seventh Circuit noted that:

> The tortured attempts to define reasonable doubt have yet to produce anything which has been approved by this court. Moreover, we have recently indicated that no attempt should be made to define reasonable doubt. *United States v. Glass*, 846 F.2d 386,387 (7th Cir. 1988). The reason for the prohibition is not that all attempted definitions infringe upon the constitutional rights of the defendant. Some, as we found here, do not. However, the point is that, at best, definitions of reasonable doubt are unhelpful to a jury, and, at worst, they have the potential to impair a defendant's constitutional right to have the government prove each element beyond a reasonable doubt. An attempt to define reasonable doubt presents a risk without any real benefit.

*United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988). If arguments or instructions addressing the meaning of "reasonable doubt" are capable of decreasing the Government's burden in the eyes of the jury, they are certainly capable of having the opposite effect as well. A definition of 'reasonable doubt' which is too rigid or stringent could easily escalate the Government's burden of proof to the point of

impossibility. Accordingly, there is simply no good reason for defendant to do so, and therefore, the defendant should be prohibited from defining or attempting to define "reasonable doubt" to the jury.

B.     Jury Nullification

The Government also respectfully requests an order barring the defendant from arguing, attempting to argue, or suggesting the possibility of jury nullification, to include any implicit or explicit suggestion to the jury that the defendant should not be convicted of the offense because the victim participated in the charged offenses. "A Defendant has of course no right to ask the jury to disregard the judge's instructions ('jury nullification') . . . A defense that the law he is charged with violating is a bad law that the jury should refuse to enforce is no defense at all." *Smith v. Winters,* 337 F.3d 935, 938 (7th Cir. 2003) (internal citations omitted) (*See also Gibbs v. VanNatta*, 329 F.3d 582 (7th Cir. 2003) ("A jury does not have the authority to disregard the law, and as a result . . . a defendant's lawyer is not permitted to argue to the jury that it should disregard the law . . . .) (citing, *inter alia, Sparf v. United States*, 156 U.S. 51, 102 (1895); *United States v. Bruce*, 109 F.3d 323, 327(7th Cir. 1997); *United States v. Anderson*, 716 F.2d 446, 449-450 (7th Cir. 1983)).

As noted in *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993):

> jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court. Accordingly, while jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this

3

> power. *A trial judge, therefore, may block defense attorney's attempts to serenade a jury with the siren song of nullification . . . .*

*Sepulveda*, 15 F.3d at 1190 (internal citations omitted) (emphasis added). Accordingly, defense counsel in the instant case should be barred from arguing, attempting to argue, or suggesting the possibility of jury nullification to the jury, either implicitly or explicitly, to include any argument that the jury should acquit the defendant because the victim participated in the charged offenses.

WHEREFORE, the Government respectfully requests that the Court prohibit the defendant from defining or attempting to define reasonable doubt, and arguing, attempting to argue, or suggesting the possibility of jury nullification.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/*Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700  Telephone
(618) 628-3730  Facsimile
E-mail:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018, I electronically filed the **Government's Motion in Limine to Prohibit the Defendant from Defining or Attempting to Define Reasonable Doubt, and Arguing, Attempting to Argue, or Suggesting the Possibility of Jury Nullification** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

FPD Steve Welby

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/*Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700  Telephone
(618) 628-3730  Facsimile
E-mail:  Angela.Scott@usdoj.gov