# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 18–cr-30022-SMY |
| RICARDO D. MINOR, | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant's motion requesting that trial in this matter be held at the E. St. Louis Courthouse (Doc. 38). Defendant asserts that trial in the E. St. Louis Courthouse "would be more convenient and more cost effective for both parties" for the following reasons: the charged events allegedly occurred in the greater St. Louis area; Defendant and the alleged victim live in the Metro East; all of the witnesses are from the greater St. Louis area; and Defendant's family and loved ones live in the Metro East.

The Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury "of the State **and district** (emphasis added) wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI. The United States District Court for the Southern District of Illinois has no divisions pursuant to 28 U.S.C. § 93. As such, there is no distinction between the courthouses located in E. St. Louis and Benton for purposes of a defendant's Sixth Amendment rights.

Under Federal Rule of Criminal Procedure 18, a court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. "A trial court has broad discretion in deciding where to fix the location of the trial which will not be overridden on appeal as long as the court gives 'due consideration' to the factors listed in Rule 18." *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) (citing *United States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir. 1984). Thus, the Court must weigh the convenience of the defendant and his witnesses against the prompt administration of justice and the Court's inherent power to manage itself, its resources and its caseload as it sees appropriate.

The travel distance between the East St. Louis courthouse and the Benton courthouse is 97.3 miles by the shortest route, which results in a travel time of approximately 90 minutes. If witnesses are to be called from the Metro East area, they will be required to travel approximately 100 miles to Benton. While this admittedly constitutes inconvenience, the prompt administration of justice requires that the trial of this case remain at the Benton courthouse as the undersigned's duty station and essential chambers staff are located in Benton. At this point, no witness has been specifically identified and there is no suggestion that they will be unable to appear for trial.

Finally, Defendant points out that he is African American and that all three cases his counsel has tried in Benton were decided by all white juries. His counsel asserts a belief that "Defendant has a greater likelihood of being tried by a jury of his peers if the potential jurors are pulled from E. St. Louis counties rather than Benton counties" (Doc. 38). But Counsel provides no factual basis for his belief. Moreover, while Defendant is constitutionally entitled to be tried by a jury of his peers, he is not entitled to be tried by a jury of any particular race or ethnicity. Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 12, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
