IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-CR-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

<u>GOVERNMENT'S MOTION IN LIMINE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(A)</u>

Comes now the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Angela Scott and Amanda Fischer, Assistant United States Attorneys, and, in support of its Motion in Limine Pursuant to Federal Rule of Evidence 801(d)(2)(A), states as follows:

The Government respectfully requests that the defendant be prohibited from attempting to introduce any portion of his videotaped statement during the trial because to do so would violate the hearsay rules. The threshold requirement for application of Federal Rule of Evidence 801(d)(2)(A) is that the statement must be offered into evidence by the opposing party *against* the party who made it. In other words, a party may not seek to admit his own prior out-of-court statement under this rule. *United States v. McDaniel*, 398 F.3d 540, 544 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.") (emphasis in original); *United States v.*

*Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("The rules, however, do not provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); *United States v. Demosthene*, 334 F.Supp.2d 378 (S.D.N.Y. 2004) ("Under the Federal Rules of Evidence, a defendant generally may not introduce his own prior statement for the truth of the matters asserted therein.").

The Sixth Circuit's opinion in *McDaniel* is instructive. Therein, the defendant made statements to a postal inspector during the course of her investigation and sought on cross examination to elicit testimony from the agent regarding the content of those statements which he believed to be exculpatory. 398 F.3d 544-45. The district court refused to allow him to do so, finding that the statements constituted hearsay when the party who made them sought their admission. *Id.* The Sixth Circuit agreed and noted that:

> Indeed, if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury.

*Id.* at 545. The court went on to hold:

> Whereas Rule 801(d)(2) authorized the Government to question [the investigator] on direct examination regarding statements made by [the defendant] because of [the defendant's] status as a party-opponent, any testimony by [the investigator] on cross-examination by [defendant's] counsel regarding additional statements made by [the defendant] that

2

had not already been introduced on direct examination would have constituted inadmissible hearsay that would have effectively allowed [the defendant] to testify without being under oath, without cross-examination, and without direct scrutiny by the jury.

*Id.* at 545-46.

The Ninth Circuit Court of Appeals voiced the same concern in *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000), when it held that the district court did not abuse its discretion when it limited the defendant's ability to elicit his exculpatory hearsay statements on cross-examination. The Court noted:

> The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, . . ., but the non-self-inculpatory statements are inadmissible hearsay. . . . If the district court were to have ruled in his favor, [the defendant] would have been able to place his exculpatory statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids."

*Id.* at 682 (*quoting United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988)) (internal quotations omitted). Likewise, in this case, the defendant should be prohibited from attempting to introduce portions of his videotaped interview which he believes to be in some way exculpatory because such portions would be inadmissible hearsay.

          Respectfully submitted,

          STEVEN D. WEINHOEFT
          United States Attorney

          s/ *Angela Scott*
          ANGELA SCOTT
          Assistant United States Attorney
          Nine Executive Drive
          Fairview Heights, IL 62208
          (618) 628-3700 (office)
          (618) 628-3730 (fax)
          E-mail: Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CRIMINAL NO. 18-30022-SMY |
| RICARDO D. MINOR, | ) ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2018, I electronically filed the **Government's Motion in Limine Pursuant to Federal Rule of Evidence 801(d)(2)(A)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

FPD Stephen R. Welby

                                                 Respectfully submitted,

                                                 STEVEN D. WEINHOEFT
                                                 United States Attorney

                                                 s/ *Angela Scott*
                                                 ANGELA SCOTT
                                                 Assistant United States Attorney
                                                 Nine Executive Drive
                                                 Fairview Heights, IL  62208
                                                 (618) 628-3700 (office)
                                                 (618) 628-3730 (fax)
                                                 E-mail:  Angela.Scott@usdoj.gov