IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18-CR-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS FOR MULTIPLICITY UNDER RULE 12(b)(3)(B)(ii)**

Defendant Ricardo D. Minor, through his attorney, Federal Public Defender Stephen R. Welby, provides this Memorandum in support of his Motion to Dismiss for Multiplicity Under Rule 12(b)(3)(B)(ii) and states as follows:

**I.  Facts**

Defendant Minor is charged with one count of Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count One); one count of Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a) (Count Two); and four counts of Attempting to Obstruct, Influence, and Impede an Official Proceeding, in violation of 18 U.S.C. § 2 and 1512(c)(2) (Counts Three through Six). *See* Superseding Indictment (ECF No. 31).

Relevant, here, are the four obstruction counts in Counts Three through Six. Count Three alleges:

> [o]n or about September 1, 2017, until on or about September 5, 2017, in St. Clair and Madison Counties, within the Southern District of Illinois, Ricard D. Minor, defendant herein, did corruptly attempt to obstruct, influence, and impede an official

proceeding, namely, the federal grand jury or a proceeding in the District Court for the Southern District of Illinois, by instructing the victim, M.F., to cause a witness, T.Y., to falsely retract T.Y.'s statement to the defendant's employer that the defendant was engaged in a sexual relationship with M.F.

*Id.* Count Four alleges:

> On or about September 5, 2017, in St. Clair and Madison Counties, within the Southern District of Illinois, Ricardo D. Minor, defendant herein, did corruptly attempt to obstruct, influence, and impede an official proceeding, namely, the federal grand jury or a proceeding in the District Court for the Southern District of Illinois, by attempting to persuade the victim, M.F., to falsely report to the defendant's employer that she had not been engaged in a sexual relationship with the defendant, when in fact she had.

*Id.* Count Five alleges:

> On or about September 5, 2017, in St. Clair and Madison Counties, within the Southern District of Illinois, Ricardo D. Minor, defendant herein did corruptly attempt to obstruct, influence, and impede an official proceeding, namely, the federal grand jury or a proceeding in the District Court for the Southern District of Illinois, by attempting to persuade the victim, M.F., to falsely report to the defendant's co-worker, B.T., that she had not been engaged in a sexual relationship with the defendant.

*Id.* Count Six alleges:

> On or about November 27, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere, Ricardo D. Minor, defendant herein, did corruptly attempt to obstruct, influence, and impede an official proceeding, namely, the federal grand jury or a proceeding in the District Court for the Southern District of Illinois, by persuading the victim, M.F., to no longer pursue charges against him.

*Id.*

All four counts allege that Mr. Minor attempted to obstruct the same "official proceeding"—the grand jury—in violation of 18 U.S.C. 1512(c)(2), which provides:

> Whoever corruptly . . . otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Because the "official proceeding" is the unit of prosecution under § 1512(c)(2), all four counts allege he committed the same offense, rendering the indictment multiplicitous and in violation of the Double Jeopardy Clause of the Fifth Amendment.

## II. Analysis

"A multiplicitous indictment charges a single offense as separate counts." *United States v. Corrigan*, No. 17-3642, 2019 WL 91533, at *4 (7th Cir. Jan. 3, 2019) (internal quotation marks omitted). The prohibition against multiplicitous indictments is rooted in the Double Jeopardy Clause of the Fifth Amendment: a multiplicitous indictment "exposes a defendant to the threat of receiving multiple punishments for the same offense." *United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015). It may also "unfairly increase a defendant's exposure to criminal sanctions because a jury may conclude that given the number of charges, the defendant must be guilty of something." *United States v. Manafort*, 313 F. Supp. 3d 311, 313 (D.D.C. 2018) (internal quotation marks omitted).

"To determine whether a given indictment contains multiplicitous counts, we look to the applicable criminal statute to see what the allowable 'unit' of prosecution

3

is—the minimum amount of activity for which criminal liability attaches." *Corrigan*, 2019 WL 91533, at *4. "[T]he proper unit of prosecution [is] completely dependent upon the legislature's intent." *Whalen v. United States*, 445 U.S. 685, 704 (1980). If Congress's intended unit of prosecution is ambiguous or doubtful, only one offense may be charged. *Bell v. United States*, 349 U.S. 81, 83 (1955).

The Seventh Circuit applied this principle in *United States v. Ajayi*, 808 F.3d 1113 (7th Cir. 2015). There, the defendant was charged with five counts of bank fraud under 18 U.S.C. §§ 1344 (1) and (2) after depositing an altered check in his business account and cashing checks on the account. One count described the overall scheme and the first check that the defendant wrote to himself and cashed. *Id.* at 1123. Each of the remaining bank fraud counts described one of four other checks that the defendant wrote to himself and cashed. *Id.* Because "the bank fraud statute criminalizes a knowing execution of a 'scheme to defraud,'" the court concluded that the unit of prosecution was the "execution of a scheme" and not "a mere act in furtherance of such a scheme." *Id.* (quoting 18 U.S.C. § 1344). The defendant's indictment, therefore, was multiplicitous, because each time he cashed a check drawn on the original altered check was merely an act in furtherance of the scheme." *Id.*

The Seventh Circuit has not considered the unit of prosecution for § 1512(c)(2), but other courts provide persuasive analyses. In *United States v. Guerrero*, 28 M.J. 223 (1989), the court considered the unit of prosecution for a similar obstruction offense in violation of Article 134 of the Uniform Code of

4

Military Justice. Paragraph 96 of the Manual for Courts-Martial delineated the elements of the offense:

> (1) That the accused wrongfully did a certain act; (2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending; (3) That the act was done with the intent to influence, impede, or otherwise obstruct *the due administration of justice*; and (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Guerrero*, 28 M.J. at 226-27 (emphasis in original). The defendant was charged with two counts of obstruction of justice, each alleging that he told a different witness to lie about an attempted murder for which the defendant knew he would be under criminal investigation. *Id.* at 226. The court noted "Congress is quite capable of indicating on the face of a statute the intended unit of prosecution by particularly delineating the object of its protection in enacting that statute." *Id.* It noted that in civilian statutes, Congress had designated the protection of particular persons, particular things, particular proceedings, and the general process of justice itself. *Id.* Congress's intent in the obstruction statute, the court explained, was "not the protection of individual witnesses or potential witnesses." *Id.* at 227. Rather, "the overriding concern of this provision of military law is the protection of the administration of justice in the military system." *Id.* The unit of prosecution, therefore, was not each witness. *Id.* The court concluded, after considering the rule of lenity that "Congress intended a single offense to exist on these facts." *Id.*

5

Like the statute in *Guerrero*, § 1512(c)(2)'s primary concern is not with the protection of individual witnesses or potential witnesses. Unlike § 1512(a) (punishing anyone who "kills or attempts to kill" or "uses physical force or the threat of physical force *against another person*" (emphasis added)) or § 1512(b) (punishing anyone who "uses intimidation, threatens, or corruptly persuades *another person*"), the language of § 1512(c)(2) does not reference specific individuals or "another person." Like *Ajayi* where the unit of prosecution was the "scheme to defraud" enumerated in the statute, the unit of prosecution, here, is the "official proceeding" that Congress referenced in the statute. *See Ajayi*, 808 F.3d at 1123. Indeed, similar to the statute at issue in *Guerrero*, it is the protection of the integrity of the "official proceeding" that Congress sought to protect in § 1512(c)(2). Mr. Minor's indictment, therefore, is multiplicitous because the government has charged Mr. Minor in five counts for attempting to obstruct one grand jury proceeding.

Even if there is doubt that the "official proceeding" is the unit of prosecution, § 1512(c)(2) is ambiguous, at best. "When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Ladner v. United States*, 358 U.S. 169, 178 (1958) (internal quotation marks omitted); *see also United States v. Sandstrom*, 594 F.3d 634, 652 (8th Cir. 2010) ("When Congress fails to establish the unit of prosecution clearly and without ambiguity, we resolve doubt as to congressional intent in favor of lenity for the defendant.).

Where the unit of prosecution is ambiguous, courts have consistently resolved the matter in favor of the defendant. For instance, in *Bell v. United States*, 349 U.S. 81, 82 (1955), the defendant was convicted of two counts of violating 18 U.S.C. § 2421, which prohibited "knowingly transport[ing] in interstate or foreign commerce any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose." The defendant, who was charged in two counts for transporting two women on the same trip and in the same vehicle, argued the indictment was multiplicitous. *Id.* The Supreme Court concluded that Congress's intended unit of prosecution was ambiguous. *Id.* In particular, Congress had not defined the unit of prosecution "in words in the provisions defining the crime." *Id.* Although "[t]he constitutional basis of the statute is the withdrawal of 'the facility of interstate transportation,'" the purpose of the statute was also "in aid of social morality." *Id.* The Court resolved the ambiguity in favor of the defendant, finding that the defendant's act constituted only one offense. *Id.* at 83-84 ("if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses").

In *United States v. Coiro*, 922 F.2d 1008 (2d Cir. 1991), the Ninth Circuit found an obstruction-of-justice statute, similar to the one at issue here, ambiguous. There, the defendant was charged with two obstruction counts under 18 U.S.C. § 1510(a), which provided:

> Whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of

7

> information relating to a violation of any criminal statute of the United States by any person to a criminal investigator . . .

*Coiro*, 922 F.2d at 1013 (quoting 18 U.S.C. § 1510(a)). There, the defendant was charged with two obstruction counts that were both based on a false story that the defendant created for two witnesses to convey to investigators. *Id.* at 1013. The court noted that the statute's language did not set the unit of prosecution at each witness because it did not "refer to the individuals whose communication is obstructed." The court further explained that, although the statute prohibits interference "by any person" to an investigator, "[t]he modification of 'person' by the word 'any' makes that phrase ambiguous." *Id.* at 1014. The court concluded resolved the matter in favor of the defendant because "Congress has not explicitly defined the unit of prosecution under § 1510." *Id.* at 1015.

Like the statutes in *Bell* and *Coiro*, Congress did not explicitly define the unit of prosecution in § 1512(c)(2). Like *Coiro*, Congress did not refer to the individuals whose communication was obstructed. Rather, it refers to only the "official proceeding." 18 U.S.C. § 1512(c)(2). Section 1512(c)(2) is arguably more ambigouous that the statute in *Coiro* because it does not even refer to "any person." Because Congress did not explicitly state a unit of prosecution in § 1512(c)(2), the ambiguity should be resolved in favor of the defendant. In particular, this Court should find that the obstruction-of-justice counts, each alleging that Mr. Minor influenced a different witness with respect to the same grand jury proceeding, constitute only one offense under § 1512(c)(2).

8

### III. Conclusion

Counts Three through Six, which charge Mr. Minor with four counts of obstructing the same official proceeding, render his indictment multiplicitous and contrary to the Double Jeopardy Clause of the Fifth Amendment. He, therefore asks this Court to enter an order dismissing Counts Three through Six or, alternatively, to order the government to choose only one count on which to proceed.

Respectfully submitted,

/s/ Stephen R. Welby
STEPHEN R. WELBY
ANGELA J. HILL
Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I mailed a copy of this document to the Defendant, and I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA Angela Scott
AUSA Amanda M. Fischer

/s/Stephen R. Welby
STEPHEN R. WELBY
Federal Public Defender