IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR MULTIPLICITY UNDER RULE 12(B)(3)(B)(II)

Comes now the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Angela Scott and Amanda Fischer, Assistant United States Attorneys, and, in support of its Response to the Defendant's Motion to Dismiss for Multiplicity Under Rule 12(b)(3)(B)(ii), states as follows:

Defendant Ricardo D. Minor is charged in a six-count Superseding Indictment with Enticement of a Minor (Count 1); Transportation with the Intent to Engage in Criminal Sexual Activity (Count 2); and four counts of Attempting to Obstruct, Influence, and Impede an Official Proceeding (Counts 3-6). Each of Counts 3 through 6 charges a separate and distinct act of attempting to obstruct, influence and impede an official proceeding by the defendant. As such, the individual counts each require proof of a fact that the other counts do not. Accordingly, the counts are not multiplicitous.

"'Multiplicity consists of charging the same defendant with the same offense in several different counts.'" *United States v. Marquardt*, 786 F.2d 771, 779 (7th Cir. 1986) (*quoting United States v. Bartemio*, 547 F.2d 341, 345 (7th Cir. 1974)). "The traditional test

of multiplicity 'determines whether each count "requires proof of a fact which the other does not."'" *Marquardt*, 786 F.2d at 779 (*quoting United States v. Kennedy*, 726 F.2d 546, 547-48 (9th Cir. 1984)). "'If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity.'" *Marquardt*, 786 F.2d at 779 (*quoting United States v. Briscoe*, 742 F.3d 842, 845 (5th Cir. 1984)). In other words, counts are not multiplicitous when each count requires proof of a fact that the other does not. *United States v. Berkowitz*, 700 F. Supp. 1526, 1527 (N.D. Ill. 1988).

In *Berkowitz*, a defendant was charged with two counts of obstructing justice pursuant to 18 U.S.C. § 1503 by stealing certain tax documents (Count 1) and by destroying some of the documents he stole (Count 2). 700 F. Supp. at 1527. The defendant filed a motion to dismiss the two counts as multiplicitous. *Id.* The district court denied the motion, holding that:

> The two counts challenged by Berkowitz allege two discrete acts of obstruction of justice pursuant to 18 U.S.C. § 1503. Under these circumstances, the Seventh Circuit has recognized that the government possesses broad discretion in determining whether to frame the indictment in a single count or a number of counts. For instance, in *United States v. Berardi*, 675 F.2d 894 (7th Cir. 1982), the government charged the defendant with one count of obstruction of justice, yet this solitary count referred to three separate incidents of obstruction. Based on the facts of the case, the Court of Appeals concluded that the three acts of obstruction amounted to a single continuing offense, thereby justifying the inclusion of all three acts in a single count. *Id.* at 898. Nonetheless, the *Berardi* court also observed that the government could have charged the defendant with three separate counts of obstruction of justice. *Id.* In the instant case, although the government could have incorporated the alleged multiple acts of obstruction in a single count, the government instead elected to charge Berkowitz with one count for each alleged violation of 18 U.S.C. § 1503. This court sees no reason to disturb this exercise of prosecutorial discretion.

*Id.*

In *Marquardt*, the Court of Appeals affirmed the district court's denial of a motion for acquittal or dismissal on the grounds that the seven counts of the defendant's indictment were multiplicitous. 786 F.2d at 777-779. The defendant first argued that Counts 1, 2, and 6, which all charged her with the misapplication of funds pursuant to 18 U.S.C. § 657, were multiplicitous. *Id.* at 778. The Court of Appeals rejected this argument, noting that "conviction on each count . . . required proof of separate and distinct facts (date, sum, and method of misapplication). *Id.* The defendant next argued that Counts 3, 4, 5, and 7, were multiplicitous because they all charged her with making false entries in the records of a savings and loan pursuant to 18 U.S.C. § 1006. *Id.* Initially, the Court of Appeals noted that these counts were not multiplicitous with respect to Counts 1, 2, and 6 because these counts required proof of an element (a false entry) that was not necessary to prove willful misapplication of funds. *Id.* at 778-779. Secondly, the Court of Appeals noted that the counts were not multiplicitous of each other because "individuals are criminally responsible for each and every criminal act they commit and thus Marquardt may properly be charged and punished for . . . each false entry she made in the institution's books with the intent to defraud the institution as each count of her indictment stated a separate and distinct criminal act requiring proof of a fact that the other counts did not." *Id.* at 779.

The same holds true here. Each count charges the defendant with a separate and distinct criminal act that requires proof of a fact that the other counts do not, therefore, the counts are not multiplicitous. In addition, as the Seventh Circuit noted in *Marquardt*, Minor should be held "criminally responsible for each and every criminal act" that he committed. In this case, Minor committed four separate and distinct acts of obstruction

of justice pursuant to 18 U.S.C. § 1512(c)(2), therefore, he should be held criminally responsible for each of these acts.

The defendant's cases can be distinguished from the instant case. For instance, in *United States v. Guerrero*, 28 M.J. 223,, 225 (1989), the defendant attempted to instruct two passengers in his car at the same time, on the same date, to lie to the military police on his behalf. In rendering its decision, the court noted that "[t]he evidence of record shows that both these charges resulted from a single act of communication at the same time and place to both potential witnesses by appellant." *Id.* at 226. Similarly, in *Bell v. United States*, 349 U.S. 81 (1955), the defendant transported two women in the same vehicle on the same trip. Finally, in *United States v. Coiro*, 922 F.2d 1008 (2d Cir. 1991), there was a single meeting where the defendant conveyed the proposed false story to both individuals simultaneously.

These cases are vastly different than the situation at issue in this case where we have the defendant, on four separate and distinct occasions, attempting to obstruct, influence, and impede an official proceeding by committing four separate and distinct acts. As the Court of Appeals did in *Marquardt*, this Court should find that Counts 3-6 are not multiplicitous because "individuals are criminally responsible for each and every criminal act they commit and thus [Minor] may properly be charged and punished for each [act of attempting to obstruct, influence, and impede an official proceeding] as each count of [his] indictment state[s] a separate and distinct criminal act requiring proof of a fact that the other counts d[o] not." *See Marquardt*, 786 F.2d at 779.

WHEREFORE, the Government respectfully requests that the Court deny the Motion to Dismiss For Multiplicity Under Rule 12(b)(3)(B)(ii).

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/   *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL   62208
(618) 628-3700 (office)
(618) 628-3730 (fax)
E-mail:   Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 18-30022-SMY |
| RICARDO D. MINOR, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I electronically filed the **Government's Response to the Defendant's Motion to Dismiss for Multiplicity Under Rule 12(b)(3)(B)(ii)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

FPD Stephen R. Welby
AFPD Angela J. Hill

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
(618) 628-3700 (office)
(618) 628-3730 (fax)
E-mail: Angela.Scott@usdoj.gov