IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18-CR-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY**

Defendant Ricardo D. Minor, through his attorneys, Federal Public Defender Stephen R. Welby and Assistant Federal Public Defender Angela J. Hill, provides this reply to the government's response, ECF No. 72, to his Motion to Dismiss for Multiplicity Under Rule 12(b)(3)(B)(ii).

## I. Introduction

Exceptional circumstances warranting a reply exist: the government has cited to cases and applied an analysis that are inapplicable to the issues in this case. *See* SDIL-LR 7.1(c). The government fails to address Mr. Minor's motion to dismiss under the correct legal standard—the unit of prosecution. Rather, it argues that the indictment is not multiplicitous because each count "requires proof of a fact which the other does not"— a test not relevant here. Gov. Response, ECF No. 72, p. 2. The government does not contest Mr. Minor's argument that the "official proceeding" is the unit of prosecution under 18 U.S.C. § 1512(c)(2). Mr. Minor asks the Court to consider the government's omission an admission of the merits of his argument and grant his motion to dismiss. *See* SDIL-LR 7.1(c).

## II. Analysis

Multiplicity arises in two scenarios: (1) where two violations of different statutes are charged ("scenario one"), and (2) where two violations of the same statute are charged ("scenario two"). *United States v. Woerner*, 709 F.3d 527, 538-39 (5th Cir. 2013); *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999). Scenario one "arises when a defendant is charged with violating *two different statutes*, one of which is arguably the lesser included offense of the other." *Woerner*, 709 F.3d at 539 (emphasis added). The Supreme Court provided the legal standard for scenario one in *Blockburger v. United States*, 284 U.S. 299 (1932): "Unless each offense requires proof of an element that the other does not, a defendant may not be charged with both." *Woerner*, 709 F.3d 527 (citing *Blockburger*, 284 U.S. at 303-05).

Scenario two arises when multiple charges alleging violations of the *same statute* are based on the same conduct. *Woerner*, 709 F.3d at 527. To determine whether an indictment is multiplicitous under scenario two "we look to the applicable criminal statute to see what the allowable unit of prosecution is—the minimum amount of activity for which criminal liability attaches." *United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015).

Here, the government charged Mr. Minor with four counts of attempting to obstruct the federal grand jury—all under 18 U.S.C. § 1512(c)(2). Because there are four violations of the *same statute* at issue, the unit of prosecution analysis in scenario two appropriate.

In his motion, Mr. Minor proceeds under the appropriate "unit of prosecution" analysis. ECF Nos. 66 & 67. He argues that the obstruction of justice counts are multiplicitous because each count charges him with violating 18 U.S.C. § 1512(c)(2) by engaging in acts that attempted to obstruct the same grand jury proceeding. ECF No. 67, p. 6. He argues that the "unit of prosecution" in § 1512(c)(2) is the "official proceeding." *Id.* The government, therefore, can charge only one count of obstruction of justice for the same federal grand jury proceeding.

In its response, the government does not engage in the "unit of prosecution" analysis. Rather, it cites to case law relevant to multiplicity under scenario one— "when a defendant is charged with violating *two different statutes*, one of which is arguably the lesser included offense of the other." *Woerner*, 709 F.3d at 539. In particular, the government argues: "Each count charges the defendant with a separate and distinct criminal act that requires proof of a fact that the other counts do not, therefore, the counts are not multiplicitous." Gov. Response, ECF No. 72, p. 3. This law and analysis is irrelevant to Mr. Minor's argument that his indictment is multiplicitous for charging him with multiple violations of the *same statute*.

The government attempts, but fails, to distinguish *United States v. Guerrero*, 28 M.J. 223, 225 (1989), *Bell v. United States*, 349 U.S. 81 (1955), and *United States v. Coiro*, 922 F.2d 1008 (2d Cir. 1991). First, although the facts of *Guerrero* did concern "a single act of communication at the same time and place to both potential witnesses," the analysis still involved the "unit of prosecution." *Guerrero*, 28 M.F. at 226. After concluding that Congress did not intend that each witness was a unit

of prosecution, the court concluded that the government could charge only one offense. *Id.* Second, the government attempts to distinguish *Bell* because "the defendant transported two women in the same trip." Gov. Response, ECF No. 72, p. 4. The *Bell* analysis, however, depended not on whether the defendant committed separate acts, but on Congress's intended unit of prosecution. *Bell*, 349 U.S. at 82-83. After concluding that the unit of prosecution was not each person transported, the Supreme Court found that the unit of prosecution was ambiguous, meaning that the government could charge only one offense. *Id.* at 83-84. Third, the government attempts to distinguish *Coiro* because there "was a single meeting." Gov. Response, ECF No. 72, p. 4. Again, in *Coiro*, the court acknowledged that the relevant analysis was the unit of prosecution, not the number of meetings. *Coiro*, 922 F.2d at 1014. The court resolved the matter in favor of the defendant after concluding that "Congress has not explicitly defined the unit of prosecution under" the statute that was at issue. *Id.* at 1015.

Notably, the government does not attempt to distinguish *United States v. Ajayi*, 808 F.3d 1113 (7th Cir. 2015)—likely because this case is contrary to its attempt to paint the appropriate analysis as "separate and distinct" acts, rather than the unit of prosecution. Gov. Response, ECF No. 72, p. 3. In *Ajayi*, the defendant was charged with five counts of bank fraud under the same statute, with one count charging both the scheme and the first fraudulent check and the other four counts chargin the individual checks that the defendant wrote *on separate days*. *Ajayi*, 808 F.3d at 1123. Even though the defendant committed separate acts

4

on separate days, the court still found that the indictment was multiplicitous. *Id*. The unit of prosecution, the court contended, was the execution of a scheme to defraud, not each individual act of cashing a check in furtherance of that scheme. *Id*. at 1123-24 (quoting 18 U.S.C. § 1344).

The government cites to two cases in support of its position— *United States v. Marquardt*, 786 F.2d 771 (7th Cir. 1986), and *United States v. Berkowitz*, 700 F. Supp. 1526 (N.D. Ill. 1988). Both cases, however, are irrelevant because they consider the "scenario one" or *Blockburger* test: "whether each count requires proof of a fact which the other does not." *Marquardt*, 786 F.2d at 778; *Berkowitz*, 700 F. Supp. at 1526 ("These counts are not multiplicitous because each count requires proof of a fact that the other does not."). As already explained, the *Blockburger* test is irrelevant to Mr. Minor's claim. In particular, he is not contending that his indictment is multiplicitous under scenario one as delineated in *Blockburger*.

### III. Conclusion

The government does not contend anywhere in its response that something other than the "official proceeding" is the unit of prosecution in § 1512(c)(2). Mr. Minor, therefore, asks the Court to consider this omission an admission of the merits of his argument. *See* SDIL-LR 7.1(c). Counts Three through Six, which charge Mr. Minor with four counts of obstructing the same official proceeding, render his indictment multiplicitous. He, therefore, asks this Court to enter an order dismissing Counts Three through Six or, alternatively, to order the government to choose only one count on which to proceed.

5

/s/ Angela J. Hill
ANGELA J. HILL
Assistant Federal Public Defender
STEPHEN R. WELBY
Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050


## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, I mailed a copy of this document to the Defendant, and I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA Angela Scott
AUSA Amanda M. Fischer

/s/ Angela J. Hill
ANGELA J. HILL
Assistant Federal Public Defender