IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-30022-SMY |
| ) | |
| RICARDO D. MINOR, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorneys for the United States and the attorneys for the Defendant have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms are as follows:

### I. Introduction

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant understands that the Court did not participate in negotiating this agreement. The Court may accept or reject the agreement, or may defer its decision to the acceptance or rejection until there has been an opportunity to consider the presentence report pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A). Defendant will not be able to withdraw his plea of guilty once entered, except as provided under Federal Rule of Criminal Procedure 11(c)(5) and (d).

### II. Charges, Penalties, and Elements

1.  Defendant understands the charges contained in the Second Superseding Indictment and will plead guilty to Counts 1 through 3. Defendant

understands the essential elements of these counts and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Enticement of a Minor<br><br>18 U.S.C. §2422(b) | Imprisonment: NLT 10 years up to life<br>Fine: up to $250,000<br>Supervised Release: 5 years to life<br>Special Assessment: $100 | 1. the defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity;<br>2. the defendant believed that such individual was less than 18 years of age; and<br>3. the defendant could have been charged with a criminal offense for engaging in the specified sexual activity. |
| 2 | Transportation with Intent to Engage in Criminal Sexual Activity<br><br>18 U.S.C. §2423(a) | Imprisonment: NLT 10 years up to life<br>Fine: up to $250,000<br>Supervised Release: 5 years to life<br>Special Assessment: $100 | 1. the defendant knowingly transported an individual in interstate commerce;<br>2. the individual was under 18 years of age when the transportation took place; and<br>3. the defendant intended that the person engage in sexual activity for which any person can be charged with a criminal offense. |
| 3 | Attempting to Obstruct, Influence & Impede an Official Proceeding<br><br>18 U.S.C. §1512(c)(2) | Imprisonment: NMT 20 years<br>Fine: up to $250,000<br>Supervised Release: NMT 3 years<br>Special Assessment: $100 | 1. the defendant attempted to obstruct, influence, or impede any official proceeding; and<br>2. the defendant acted corruptly. |

Defendant committed acts that satisfy each of the essential elements listed above.

2. Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" per felony count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

2

3. Defendant understands that the United States may recommend, and the Court may impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

4. Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office.

### III. Sentencing Issues

1. Defendant and the Government agree that the appropriate total term of incarceration to be imposed in this case is 15 years, consisting of 15 years' imprisonment on Counts 1 through 3, all to run concurrently. Defendant agrees to accept these sentences.

2. The Defendant and the Government agree that a 10 year term of supervised release, consisting of 10 years on Counts 1 and 2, to run concurrently to each other, and a three (3) year term of supervised release on Count 3, to run concurrently to Counts 1 and 2, is appropriate in this case. Defendant agrees to accept these sentences.

01/09/2021  12:31  6185480043                              PAGE  07/21

3. The Defendant and the Government agree that a fine is appropriate and should be imposed.

4. The Defendant understands that the Court must impose a $300 special assessment consisting of $100 on each of Counts 1-3.

5. Defendant understands that the offenses charged in Counts 1 and 2 are subject to the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, and that the Court may impose restitution at the time of sentencing if a victim of these offenses makes a statutorily authorized and supported claim.

6. Defendant understands that in determining the sentence to be imposed the Court is obligated to calculate and consider the applicable range under the United States Sentencing Guidelines and, thereafter, determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

    (i) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (iii) the kinds of sentences available;

    (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (v) the need to provide restitution to any victim of the offense.

PAGE 08/21　　01/09/2021 12:31 61855480043

7. The United States and Defendant submit that, after all factors have been considered, Defendant will have the following advisory US Sentencing Guideline range:

> Offense Level **38**,
> Criminal History Category of I,
> Imprisonment range of **235-293 months**,
> Fine range of **$50,000 - $500,000**.

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2G1.3(a)(3) | Base Offense Level – defendant convicted under 18 U.S.C. §2422(b) | 28 |
| §2G1.3(b)(2)(B) | Specific Offense Characteristic – undue influence | +2 |
| §2G1.3(b)(3)(A) | Specific Offense Characteristic – use of a computer | +2 |
| §2G1.3(b)(4) | Specific Offense Characteristic – offense involved commission of a sex act | +2 |
| §4B1.5(b)(1) | Specific Offense Characteristic – defendant engaged in a pattern of activity involving prohibited sexual conduct | +5 |
| | TOTAL OFFENSE LEVEL | 39 |
| §3C1.1 | Obstruction of Justice | +2 |
| §3E1.1 | Acceptance of Responsibility | -3 |
| | **OFFENSE LEVEL:** | 38 |

8. The parties submit that it appears that Defendant has amassed **no Criminal History points** and that, therefore, the Sentencing Guideline **Criminal History Category is I**.

9. Because this plea agreement is tendered under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant understands that if the Court accepts this plea agreement, the Court will be bound to impose the sentences agreed to above without regard to the Sentencing Guidelines or the factors set forth in 18 U.S.C. § 3553(a).

5

While the Court may consider these provisions of law in deciding whether or not to accept and be bound by this agreement, Defendant specifically waives his right to have the Court consider such provisions when imposing sentence. Defendant again acknowledges that the terms of incarceration, terms of supervised release, fines, and special assessments set forth in this agreement are statutorily mandated or authorized.

10.  Defendant understands and agrees that, pursuant to 18 U.S.C. § 3771(a)(4), any victim of the offenses to which he is pleading guilty will have a right to be heard and address the Court prior to the imposition of sentence.

11.  Defendant understands that, as a concession for his agreement to waive his appeal, collateral review and other rights, as set forth in more detail in paragraph five (5) below, the Government has agreed to a three (3) level reduction for acceptance of responsibility as well as a joint recommendation of a 17 year term of imprisonment, which is below the advisory sentencing guideline range, and a total term of supervised release of 10 years. In return for the Government's agreement, Defendant agrees to a joint sentencing recommendation of a total sentence of 15 years' imprisonment, a total term of supervised release of 10 years, and to waive his appeal, collateral review, and other rights, as set forth in more detail in paragraph five (5) below.

### IV. Limitation of Plea Agreement & Breach of the Agreement

1.  All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea

6

Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2. The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3. Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4. If the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance

01/09/2021 12:31 6185480043 PAGE 11/21

of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

## V. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

01/09/2021 12:31 6185480043 PAGE 12/21

3. **Release Pending Sentencing:** Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). **The United States and the Defendant agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.**

4. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendation and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges

9

that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

6. Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10). The United States reserves the right to oppose such claims for relief.

7. Except as expressly permitted in paragraphs 5 and 6 (directly above), Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

8. Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

9. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

10. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VI. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep

Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

3. Defendant acknowledges that other collateral consequences are possible.

## VII. Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

2. By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

## VIII.

No additional matters are in dispute.

_____
RICARDO D. MINOR
Defendant

_____
JOSLYN SANDIFER
Attorney for Defendant

Date: 1/11/21

_____
ANGELA SCOTT
Assistant United States Attorney

Digitally signed by ANGELA SCOTT
Date: 2021.01.06 08:08:16 -06'00'

Date: 1/6/21

13