IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30022-SMY |
| | ) | |
| RICARDO D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

The parties hereby stipulate that, if this case had proceeded to trial, the Government would have proven the following beyond a reasonable doubt:

1. From on or about June 14, 2017, until on or about September 3, 2017, Defendant Ricardo D. Minor resided in Cahokia, Illinois, in St. Clair County, Illinois, within the Southern District of Illinois. During this same time frame, both the minor victim, M.F., and M.K., at whose residence M.F. frequently stayed, resided in Collinsville, Illinois, in Madison County, Illinois, within the Southern District of Illinois. During part of this time frame, the defendant was a Behaviorial Health Specialist at Touchette Regional Hospital where M.F. was a patient also for a portion of this time frame. This is how the defendant met M.F.

2. From on or about June 14, 2017, until on or about September 3, 2017, the defendant, by using facilities of interstate commerce, that is, a cell phone and the internet, persuaded, induced, enticed, and coerced M.F., an individual that the defendant knew was under the age of 18, to engage in sexual activity for which the

defendant could have been charged with a criminal offense, that is, Aggravated Criminal Sexual Abuse, in violation of 720 ILCS 5/11-1.60(d). This sexual activity occurred, *inter alia*, near M.F.'s residence, at M.K.'s residence, and at the defendant's residence, so both within St. Clair County and Madison Counties, Illinois.

3. From on or about June 14, 2017, until on or about September 3, 2017, the defendant was also employed as a driver for Uber. As such, the defendant would often travel from Illinois to Missouri, which was in interstate commerce. The defendant would also ask M.F. to accompany him on these trips with one of the reasons being to engage in sexual activity for which he could have been, and was, charged with Statutory Rape, Second Degree, in violation of Section 566.034 RSMo. By doing so, the defendant transported M.F., a minor he knew to be under the age of 18, in interstate commerce - - from Illinois to Missouri - - with the intent to engage in criminal sexual activity with her.

4. On August 31, 2017, T.Y. disclosed the inappropriate sexual relationship between the defendant and M.F. to staff at Touchette Regional Hospital. In a series of texts from the defendant to M.F. beginning on September 1, 2017, the defendant instructed M.F. to try to convince T.Y. to retract her statement to the staff regarding the inappropriate sexual relationship between the two in an attempt to obstruct, influence, and impede an official proceeding. In doing so, the defendant acted corruptly.

5. On September 5, 2017, in a text from the defendant to M.F., the defendant instructed M.F. to falsely report to the staff at Touchette Regional Hospital

that M.F. and the defendant had not been engaged in an inappropriate sexual relationship, when in fact they had, in an attempt to obstruct, influence, and impede an official proceeding. In doing so, the defendant acted corruptly.

6. On September 5, 2017, in a series of texts from the defendant to M.F., the defendant instructed M.F. to call B.T., a co-worker of the defendant's at Touchette Regional Hospital, to falsely report that M.F. and the defendant had not been engaged in an inappropriate sexual relationship, when in fact they had, in an attempt to obstruct, influence, and impede an official proceeding. In doing so, the defendant acted corruptly.

7. On or about November 27, 2017, while housed in the St. Louis County Justice Center on the Statutory Rape, Second Degree, charge from Missouri, in a series of phone calls from the defendant to T.J., the defendant instructed T.J. to contact the minor victim's family in an attempt to try to convince the victim's family to no longer pursue criminal charges against him in an attempt to obstruct, influence, and impede an official proceeding. In doing so, the defendant acted corruptly. As a result, T.J. did, in fact, at the defendant's request, contact the minor victim's family, telling them that if they pursued the charges then things would "get ugly."

8. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not necessarily an exhaustive account of the defendant's criminal activity.

3

**SO STIPULATED:**

_____  
RICARDO D. MINOR  
Defendant

_____  
JOSLYN SANDIFER  
Attorney for Defendant

Date: 1/11/21

Angela Scott  
Digitally signed by ANGELA SCOTT  
Date: 2021.01.06 08:06:56 -06'00'

_____  
ANGELA SCOTT  
Assistant United States Attorney

Date: 1/6/21

4

Case 3:18-cr-30022-SMY   Document 149   Filed 01/11/21   Page 5 of 5   Page ID #359